No. 87-57

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

DAVID W. PATTON,

       Defendant and Appellant.

---

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Sweet Grass,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Knuchel & McGregor; Karl Knuchel, Livingston, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Dorothy McCarter, Asst. Atty. General, Helena
        G. Thomas Biglen, County Attorney, Big Timber, Montana
        James A. Tully, Deputy County Attorney, Big Timber

---

Submitted on Briefs: April 3, 1987

Decided: June 2, 1987

Filed: JUN 2 - 1987

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

David W. Patton was found guilty of violating § 61-10-201, MCA, which requires payment of gross weight fees on trucks, by bench trial in the District Court of the Sixth Judicial District, Sweet Grass County. We affirm.

The issue is whether the District Court erred in deciding the truck was not exempt from vehicle licensing and registration requirements because it was not an implement of husbandry.

The parties stipulated to, and the District Court adopted, the pertinent facts of this case. Those stipulated facts are:

> 1. At approximately 9:30 AM on April 8, 1986, Officer Charles Pratt came up behind an orange International dump truck while proceeding south on U.S. Highway 191 north of Melville in Sweet Grass County, Montana. Officer Pratt believed the truck to be a Montana Department of Highways truck, but noticed that the truck carried no license plates.
>
> 2. The truck was owned by Cremer Ranches, a Montana corporation engaged in agricultural operations, and driven by David M. Patton, a Cremer employee. At the time, Mr. Patton was operating the truck in the course of his employment and for the benefit of his employer. He was taking the truck from one part of the Cremer Ranch to another part of the ranch located to the south and across U.S. Highway 191.
>
> 3. The truck was purchased by the Cremer Ranches from the Department of Highways several years earlier at a private sale and has never been licensed or registered by Cremer Ranches. The truck has never been used by Cremer Ranches except in the course of ranch business and is never driven on a public road or highway except to travel from one part of the ranch to another. The truck has not been modified by Cremer Ranches since it was purchased and is in essentially the same condition as when purchased, normal wear and tear excepted.

4. U.S. Highway 191 is a federal highway running north and south in Sweet Grass County. The Cremer Ranches own ranch property situated east and west of Highway 191 and the Cremer ranch property is bisected by the highway.

5. The truck was originally used by the highway department for transporting road building and repair materials and appears similar to the trucks the department uses at the present time for that purpose.

Based upon these facts, the District Court concluded: (1) that the vehicle in question was a truck before Cremer Ranch obtained it, that it had not been modified, and that it continued to be a truck as defined in § 61-1-107, MCA; (2) that the truck was not a piece of special mobile equipment as defined in § 61-1-104, MCA, and was not exempt from registration and payment of fees under § 61-3-431, MCA; (3) that the truck was not an implement of husbandry as defined in § 61-1-121, MCA, because it was not designed for agricultural purposes; (4) that if the truck was used on the public roads of Montana then it must be properly licensed and the required fees paid in accordance with § 61-10-201, MCA; and (5) that David Patton was guilty of driving an unlicensed truck upon which gross weight fees were not paid on a public highway in violation of § 61-10-201, MCA. Mr. Patton was fined $90 plus a surcharge of $10 for his offense.

Did the District Court err in deciding the truck was not exempt from vehicle licensing and registration requirements because it was not an implement of husbandry?

The only issue appealed by the parties was whether the truck was an implement of husbandry and thus exempt from the licensing and registration requirements of § 61-10-201, MCA. Section 61-10-201, MCA, requires truck and truck tractors to pay an annual gross weight licensing fee based upon the weight of the truck. Section 61-3-431(1), MCA, exempts

3

special mobile equipment from motor vehicle registration and fees. Section 61-3-431(4), MCA, provides:

> Publicly owned special mobile equipment and implements of husbandry used exclusively by an owner in the conduct of his own farming operations are exempt from this section.

After careful consideration, we affirm the District Court's conclusion that the vehicle did not fit within the "implement of husbandry" definition found at § 61-1-121, MCA. Section 61-1-121, MCA, provides:

> "Implement of husbandry" means every vehicle which is designed for agricultural purposes and exclusively used by the owner thereof in the conduct of his agricultural operations.

If the truck in question was not an implement of husbandry, then it is not exempt from G.V.W. licensing requirements.

The District Court concluded the vehicle was a truck and was not exempt from registration and payment of fees under § 61-3-431, MCA. Specifically, the court stated that the truck was not an implement of husbandry as defined in § 61-1-121, MCA, because it was not designed for agricultural purposes. We agree with that conclusion.

The truck in question was originally used by the Montana Department of Highways for transporting road building and repair materials. The truck was not designed to be used for agricultural purposes which is a requirement under § 61-1-121, MCA, to qualify as an implement of husbandry.

We affirm the District Court.

_____
Justice

We Concur:

4

_____
                Chief Justice

_____

_____

_____

_____

_____
                  Justices